TRUAX v. THE PENNSYLVANIA RAILROAD COMPANY.

1. Where there are two counts in the declaration, one in case and the other in trespass *vi et armis*, it is irregular to put in one plea of the general issue to both.
2. It is not a good plea to a malicious prosecution that the defendant submitted affidavits to a Supreme Court commissioner, who, being satisfied, made an order for bail.

On demurrer to pleas.

Argued at February Term, 1895, before BEASLEY, CHIEF JUSTICE, and Justices REED and GUMMERE.

For the demurrant, *William H. Carson.*

Contra, *Samuel H. Grey.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This case is before the court on a demurrer.

The action is in tort, the first count laying a malicious prosecution, and the second a false imprisonment.

These two causes of action, with respect to form, are diverse, the first being in case, and the second in trespass *vi et armis*. There is a joint plea of the general issue embracing both counts, which, of course, is irregular; it is framed in case, and, therefore, is applicable only to the first count. I am inclined to think such a plea is bad, as it is pleaded to both counts, and, in strictness, it applies only to one.

This defect seems to have escaped attention, and it is the second plea alone to which exception has been taken. This plea is special, and is put in as an answer to both these causes of action just alluded to.

For the sake of perspecuity it should be stated that the first count alleges that the defendant, not then having any reasonable or probable cause of action, &c., falsely and maliciously caused and procured to be sued and prosecuted out of the Supreme Court of the State of New Jersey a certain writ of *capias ad respondendum.* It is then shown that the plaintiff was arrested and imprisoned by virtue of that process.

To this ground of action the defendant pleaded, in the language of the brief of counsel, "that before the time of the said arrest, defendant had applied to one James M. Cassady, a Supreme Court commissioner of New Jersey, having the lawful power to hold to bail, when in his judgment good cause was shown, &c., and submitted to said commissioner certain affidavits of witnesses, to the effect that said plaintiff, while in the employ of defendant, and as defendant's agent, had misappropriated large sums of money belonging to defendant; and that thereupon said commissioner did adjudicate and determine that said plaintiff had fraudulently contracted a debt to said defendant; and that said commissioner did thereupon order, by writing under his hand, that said plaintiff should be held to bail," &c.

That this plea is not a defence to the charge of a malicious-prosecution appears to me to be entirely plain. Its palpable defect is that it does not negative, directly or indirectly, either the malice charged or the want of probable cause. The fact that the defendant presented an affidavit showing certain facts tending to prove the criminal guilt of the plaintiff in the matter in question is not in negation of either one or the other of these essential elements of the present action. The defendant may have presented intentionally to the commissioner an imperfect or garbled account of the transaction, and may, at the time, have been fully convinced of the plaintiff's innocence. No court has ever held that the decision of a per-

son acting in a judicial, or *quasi*-judicial, capacity on a sworn statement, which may contain only a part of the essential facts known to the person applying for a *capias*, will have the effect of barring a suit of this character. By force of the admission of this pleading the arrest in question must be regarded as having been made by the defendant without probable cause, and in the presence of that admission the legal conclusion must be that these affidavits upon which the *capias* was awarded did not present all the facts known to the defendant.

The result is that the plea, being addressed to both counts, and exhibiting no defence to one of them, is bad as to both.

Let the plaintiff take judgment in this issue, with leave to the defendant to plead *de novo*.